UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEYLI NOE GUERRA, a.k.a. DEYLI NOE    |
GUERRA CANTORAL,    |
   |
             Petitioner,    |          14-CV-4203 (KMW)
   |          OPINION & ORDER
-against-    |
   |
CHRISTOPHER SHANAHAN, Field Office    |
Director, New York Field Office, Immigration    |
And Customs Enforcement, et al.,    |
   |
            Respondent.    |
-----------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Petitioner Deyli Noe Guerra applies under 28 U.S.C. § 2241 for a writ of habeas corpus

releasing him from the custody of the Department of Homeland Security ("DHS"), pending the

outcome of removal proceedings against him. In the alternative, Guerra seeks a bond hearing

before an immigration judge. For the reasons stated herein, the Court GRANTS Guerra's request

for a bond hearing.

I.      **BACKGROUND INFORMATION**

      Guerra is a native and citizen of Guatemala. *See* (Pet. [ECF No. 2] at ¶ 24). He first

entered the United States without inspection in April 1998. *See* (Pet. ¶ 24). Guerra states that in

Guatemala he was involved in a romantic relationship with his cousin, who later killed herself.

*See* (Pet. ¶ 24); (Pet., Ex. B, Record of Sworn Statement [ECF No. 2] at 3). According to

Guerra, his cousin's family blamed Guerra for her death and her father vowed to exact

retribution against Guerra. *See* (Pet. ¶ 24). Guerra claims that this threat caused him to flee

Guatemala and enter the United States. *See* (Pet. ¶ 24–25). After entry, Guerra was

apprehended, and on May 1, 1998, an immigration judge ordered him removed. *See* (Return, Ex.

B [ECF No. 9-2]).  He was removed to Guatemala in April 2009.  *See* (Pet. ¶ 26); (Return, Ex. E, Notice of Intent/Decision to Reinstate [ECF No. 9-4]).

Guerra asserts that after returning to Guatemala, he faced renewed threats from his cousin's family, as well as new threats from a man named "Cachorro" who was angry that Guerra had started a relationship with his ex-girlfriend.  *See* (Pet. ¶ 27).  Guerra fled once again to the United States.  *See* (Pet. ¶ 28).  In November 2009, Immigration and Customs Enforcement ("ICE") apprehended Guerra, reinstated his prior removal order, and removed him to Guatemala for a second time in March 2010.  *See* (Return, Ex. E); (Return, Ex. F, Warrant of Removal/Deportation) [ECF No. 9-6]).

Following his second removal, Guerra reentered the United States without inspection for a third time and was arrested in New York on May 5, 2013, for driving while intoxicated.  *See* (Return, Ex. I, Uniform Sentence & Commitment [ECF No. 9-9]).  While Guerra was detained on those charges, ICE identified him as a removable alien and again reinstated his prior removal order.  (Return, Ex. G, Record and Deportable/Inadmissible Alien [ECF No. 9-7]); (Return, Ex. H, Notice of Intent/Decision to Reinstate [ECF No. 9-8]).

During his detention by ICE, Guerra received a "reasonable fear interview" before a United States Citizenship and Immigration Services asylum officer, who concluded that Guerra had a reasonable fear of returning to Guatemala.  *See* (Pet. ¶ 30–31).  The officer referred the matter to an immigration judge on April 8, 2014, to determine whether Guerra was eligible for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3).  *See* (Pet., Ex. C, Reasonable Fear Determination [ECF No. 2] at 6).  No determination as to Guerra's eligibility for withholding has yet been made.

## II.    DISCUSSION

The parties dispute whether Guerra has been detained pursuant to 8 U.S.C. § 1226(a),

which applies before a removal order becomes administratively final, or § 1231, which applies

after an order becomes administratively final.[1]  Only § 1226(a) would entitle Guerra to the bond

hearing he requests.

To determine which statute applies, the Court must resolve an issue not yet decided by

the Second Circuit:  whether the pendency of a detainee's withholding application prevents a

reinstated removal order from becoming administratively final.  After review, the Court agrees

with several other federal courts that a reinstated removal order cannot become administratively

final until a pending withholding application has been resolved.  Guerra's withholding

application is pending currently before an immigration judge, and thus Guerra's reinstated

removal order is not yet final.  Accordingly, the Court holds that Guerra has been detained

pursuant to § 1226(a) and is entitled to a bond hearing.[2]

### A.  Administrative Finality and the Distinction Between § 1226(a) and § 1231

The INA authorizes the Attorney General of the United States to issue a warrant for the

arrest and detention of an alien pending a final administrative decision on an alien's removal.

---

[1] Both parties have agreed that Guerra does not fall within the mandatory detention categories of § 1226(c). *See* (Pet'r's Supplemental Br. [ECF No. 13] at 3–4); (Resp't's letter [ECF No. 14] at 2).  Thus, if Guerra's detention is governed by § 1226, § 1226(a) controls.

[2] The Court has subject matter jurisdiction to review Guerra's habeas petition pursuant to 28 U.S.C. § 2241(c)(3).  Although the Immigration and Nationality Act ("INA") precludes review of the "Attorney General's discretionary judgment" as to "the detention or release of any alien or the grant, revocation or denial of bond or parole," 8 U.S.C. § 1226(e), Guerra has not challenged the Attorney General's discretion.  Guerra challenges the "statutory framework that permits his detention without bail."  *Demore v. Kim*, 538 U.S. 510, 517 (2003).  "The Supreme Court has determined that section 1226(e) does not deprive district courts of jurisdiction to hear such a challenge."  *Sulayao v. Shanahan*, No. 09-CV-7347, 2009 WL 3003188, at *3 (S.D.N.Y. Sept. 15, 2009) (Castel, J.); *accord Straker v. Jones*, 986 F. Supp. 2d 345, 350 (S.D.N.Y. 2013) (Engelmayer, J.); *Monestime v. Reilly*, 704 F. Supp. 2d 453, 456 (S.D.N.Y. 2010) (Pauley, J.).

*See* 8 U.S.C. § 1226(a).  Alien detention is governed primarily by two sections: 8 U.S.C. § 1226 and 8 U.S.C. § 1231.

8 U.S.C. § 1226.  Section 1226 governs the detention of aliens while removal proceedings take place—in other words, while an immigration judge determines whether a given alien should be removed.  Section 1226(a), sometimes referred to as the "discretionary detention" provision, *see, e.g.*, *Monestime*, 704 F. Supp. 2d at 457, allows, but does not require, federal immigration authorities to detain an alien during removal proceedings.  8 U.S.C. § 1226(a)(1)–(2).  An alien detained pursuant to § 1226(a) is entitled to a bond hearing to determine whether immigration authorities should continue detaining the alien.  *See, e.g.*, *Straker*, 986 F. Supp. 2d at 363 ("DHS's authority for detaining Straker during removal proceedings instead lies under § 1226(a), under which he is entitled to a bond hearing."); *Sulayao*, 2009 WL 3003188, at *2 ("Section 1226(a) affords aliens the possibility of a bond hearing.").

8 U.S.C. § 1231.  Section 1231 governs the detention of aliens, *inter alia*, after a removal order against the alien has become "administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).[3]  A removal order becomes administratively final upon the earlier of: "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."  8 U.S.C. § 1101(a)(47)(B).

---

[3] The period following a finalized removal order is referred to as the "removal period" and § 1231 states that it should last no longer than ninety days.  8 U.S.C. § 1231(a)(1)(A).  If the alien is not removed within the 90-day removal period, the alien may still be detained, but must be provided periodic custody reviews.  8 U.S.C. § 1231(a)(3).

If an alien illegally enters the country after having been removed under an order of removal, the prior removal order can be reinstated.  8 U.S.C. § 1231(a)(5).  After reinstatement, that removal order "is not subject to being reopened or reviewed."  *Id.*  Nonetheless, pursuant to § 1231(b)(3), "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  A determination as to whether an alien's life or freedom would be threatened is known as a "withholding" proceeding, and such proceedings take place notwithstanding the reinstatement of the alien's original removal order.   *See* 8 C.F.R. 241.8(e).

### B.   The Effect of a Withholding Application on Administrative Finality

### i.   The Parties' Contentions

Respondents argue that the reinstated removal order issued against Guerra is administratively final, and therefore, Guerra's detention is governed by § 1231.  Respondents claim that withholding proceedings haven no effect on the administrative finality of a reinstated removal order because such an order "is not subject to being reopened or reviewed," 8 U.S.C. § 1231(a)(5), and thus must be final as soon as it is reinstated.  *See* (Memo. of Law in Opp. [ECF No. 10] at 5–6).

Guerra contends that the reinstated removal order is not administratively final because his withholding application is still pending before an immigration judge.  Because the outcome of that withholding application could affect Guerra's removability, Guerra argues that a reinstated removal order cannot be final while that withholding application is pending.  Guerra thus asserts that his detention is governed by § 1226(a), and that he is therefore entitled to a bond hearing before an immigration judge.

ii.    The Statutory Language of the INA Supports Guerra's Interpretation

A removal order becomes final, *inter alia*, when "the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals" expires.  8 U.S.C. § 1101(a)(47)(B).  Thus, if Guerra is permitted to appeal his reinstated removal order, that order cannot be final until the period to appeal has lapsed.  However, a reinstated removal order "is not subject to being reopened or reviewed," and therefore cannot be appealed.  8 U.S.C. § 1231(a)(5).   Nonetheless, according to the regulations governing reinstated removal orders, 8 C.F.R. § 241.8, withholding proceedings can be appealed.

Section 241.8(a) provides that "an alien who illegally reenters the United States after having been removed . . . shall be removed from the United States by reinstating the prior order," and specifies that "[t]he alien has no right to a hearing before an immigration judge in such circumstances."  However, § 241.8(e) creates a critical exception:

> If an alien whose prior order of removal has been reinstated under this section expresses a fear of returning to the country designated in that order, the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture . . . .

If, as in Guerra's case, the asylum officer determines the alien does, in fact, have a reasonable fear of persecution or torture, the officer is to refer the matter to an immigration judge as an application for withholding of removal.  *See* 8 C.F.R. § 208.31(e).  The regulations expressly state that the immigration judge's withholding determination can be appealed to the Board of Immigration Appeals.  *See id.*

Thus, although Guerra cannot, pursuant to § 1231(a)(5), appeal the reinstated removal order itself, he can appeal the outcome of his withholding application.  This withholding application is an integral part of the removal process.  *See* 8 C.F.R. § 208.31 (describing

withholding proceedings and the way they interact with and affect the removal process).  Thus, Guerra's ability to appeal the outcome of his withholding application must be viewed as an ability to appeal his removal more generally.  It follows that, pursuant to 8 U.S.C. § 1231(a)(1)(B)(i), a detainee's reinstated removal order cannot be administratively final while that detainee's withholding application is pending.  To hold otherwise would seriously jeopardize Guerra's appeal rights.

According to 8 U.S.C. § 1252(b)(1), a "petition for review [of an order of removal] must be filed not later than 30 days after the date of the final order of removal."  Thus, if removal orders immediately became final when reinstated, a detainee could not appeal the outcome of his withholding application, should it be decided more than thirty days after the reinstatement of his removal order—as most would be.  This outcome directly conflicts with § 208.31(e), which, as discussed above, expressly provides an alien with the right to appeal an immigration judge's withholding determination.  *See Guerrero v. Aviles*, No. CIV.A. 14-4367 WJM, 2014 WL 5502931, at *5 (D.N.J. Oct. 30, 2014).  Moreover, as the Ninth Circuit declared in *Ortiz-Alfaro v. Holder*, "'because the Suspension Clause unquestionably requires some judicial intervention in deportation cases,' depriving Ortiz the opportunity for judicial review of a determination that he lacks a reasonable fear of persecution could raise serious constitutional concerns."  694 F.3d 955, 958 (9th Cir. 2012) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 300 (2001); *Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007) (en banc)).

Guerra's withholding application is still pending, and thus, "the period in which [Guerra] is permitted to seek review" of his removal has not yet expired.  8 U.S.C. § 1231(a)(1)(B)(i).  Accordingly, Guerra's removal order cannot yet be administratively final, and his detention is therefore governed by § 1226(a).

iii.    The Majority of Federal Courts Concur

The majority of federal courts that have assessed the administrative finality of reinstated removal orders have agreed that such orders cannot be final while withholding applications are pending.

In *Ortiz-Alfaro*, the Ninth Circuit held that "[i]n order to preserve judicial review over petitions challenging administrative determinations . . . we hold that where an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, *the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete*." *Id.* (emphasis added).

In *Guerrero v. Aviles*, a federal court addressed facts essentially identical to Guerra's—a § 2241 habeas petitioner argued that a reinstated removal order was not administratively final when withholding proceedings were pending before an immigration judge.  2014 WL 5502931, at *2.  Relying on the same logic as *Ortiz-Alfaro*, the *Guerrero* court held that such a reinstated removal order is not administratively final and that § 1226 governed the petitioner's detention. *Id.* at *4–5.  Other district courts have held similarly.  S*ee Uttecht v. Napolitano*, No. 8:12CV347, 2012 WL 5386618, at *2 (D. Neb. Nov. 1, 2012) ("Uttecht's removal is currently delayed while her request for withholding of removal proceeds through the administrative process.  Thus, the reinstated order of removal does not constitute a final administrative order of removal in this case."); *Campos v. Napolitano*, No. C 12-2682 CW, 2012 WL 5379556, at *4 (N.D. Cal. Oct. 31, 2012) ("Petitioner's pending withholding of removal claim therefore renders the reinstated removal order "non-final" for purposes of judicial review."); *Pierre v. Sabol*, No. 1:11-CV-2184, 2012 WL 1658293, at *4 (M.D. Pa. May 11, 2012) ("Petitioner still has an application for withholding of removal pending before the [immigration judge], which means a

8

decision has not yet been made on whether he will be removed from the United States.  It also means the reinstated order of removal has not yet become administratively final because the [immigration judge] has yet to rule on his application.").

The Court has found only two decisions that have held to the contrary.  *See Khemlal v. Shanahan*, No. 14-CV-5186, 2014 WL 5020596, at *3 (S.D.N.Y. Oct. 8, 2014) (Peck, Mag. J.); *Moreno-Gonzalez v. Johnson*, No. 1:14-CV-423, 2014 WL 5305470, at *3 (S.D. Ohio Oct. 15, 2014).  The Court finds neither decision persuasive, however, because neither decision evaluates the role that withholding proceedings play in the overall removal process, and neither decision considers the effect that a finding of administrative finality would have on a detainee's appeal rights.

iv.    Second Circuit Case Law is Consistent with This Court's Holding

The Second Circuit has not directly ruled on how, if at all, withholding proceedings affect the administrative finality of reinstated removal orders.  Nonetheless, two Second Circuit decisions suggest that this Court's approach to the instant case is the correct one.

Because federal appeals courts can review only final orders of removal, *see Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 315 (2d Cir. 2007), in *Chupina v. Holder*, the Second Circuit sought to determine whether it had jurisdiction to review the petitioner's case by assessing the finality of the removal order at issue there.  The *Chupina* court held that "because Chupina's pending [withholding and Convention Against Torture] applications directly affect whether he may be removed to Guatemala, [the Supreme Court's decision in] *Foti* [*v. I.N.S.*, 375 U.S. 217 (1963)] strongly counsels that Chupina's order of removal *is not final until those applications have been resolved* by the agency."  *Chupina v. Holder*, 570 F.3d 99, 103–04 (2d Cir. 2009) (emphasis added).  *Chupina* addressed an initial removal order, not a reinstated one,

and thus the court's holding does not apply directly to the instant case.  Nonetheless, *Chupina*'s logic suggests that withholding proceedings should also affect the finality of reinstated removal orders.

Additionally, in *Garcia-Villeda v. Mukasey*, the Second Circuit, in a footnote, described the proceedings involved in reinstating a removal order and noted that those reinstatement proceedings "halt" when an alien expresses a fear of returning to the country designated in the reinstatement order and resume when the immigration court makes a final determination as to that fear.  531 F.3d 141, 151 n.8 (2d Cir. 2008).  This characterization of the reinstatement process suggests that a reinstated removal order cannot be immediately final.  If such finality were immediate, there would be no proceedings to "halt" and then later resume.

**III.    CONCLUSION**

For the foregoing reasons, the Court concludes that the reinstated removal order issued against Guerra is not administratively final and that, therefore, Guerra's detention is governed by § 1226(a), not § 1231.

The petition for a writ of habeas corpus is GRANTED.  Respondents shall provide Petitioner Deyli Noe Guerra with an individualized bond hearing before an immigration judge by January 2, 2015. The parties shall submit a report to this Court on the outcome of that hearing within five days of a decision by the immigration judge.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   New York, New York
         December 23, 2014

                                        _____/s/_____

                                              Kimba M. Wood

                                        United States District Judge